UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES E. PIMPTION, | |
| Plaintiff, | No. C05-1050Z |
| v. | ORDER |
| SNOHOMISH COUNTY JAIL, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's civil rights complaint, docket no. 8. On June 8, 2005, James E. Pimption (Plaintiff) submitted a civil rights complaint under 42 U.S.C. § 1983 alleging that he had been denied adequate medical care while in custody at the Snohomish County Jail in 2003. Plaintiff named the Snohomish County Jail as the sole Defendant. On July 12, 2005, advising that Snohomish County Jail was not a proper defendant, Judge Theiler granted Plaintiff leave to amend. Additionally, the Court advised Plaintiff that if he elected to pursue a claim against the County he would have to identify the municipal policy or custom that he believed caused his injury. Plaintiff was given thirty days to file an amended complaint to cure those defects.

On August 24, 2005, Judge Theiler submitted a Report and Recommendation, docket no. 9, to this Court stating that as of that date Plaintiff had not filed an amended complaint. Judge Theiler recommended that Plaintiff's complaint be dismissed without prejudice

ORDER -1-

1 pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff had not amended his complaint to
2 name a proper defendant in his civil rights action.  On September 1, 2005, Plaintiff filed his
3 amended complaint, docket no. 10, naming Snohomish County as the sole Defendant.
4 Plaintiff's amended complaint was notarized on August 11, 2005.

5 While Plaintiff's complaint ultimately fails, Plaintiff's complaint is not dismissed
6 because he failed to amend his complaint to name a proper defendant.  In fact, on August 11,
7 2005, a day prior to the expiration of thirty day period to amend, Plaintiff had an amended
8 complaint notarized that named Snohomish County as the sole Defendant.  While the
9 amended complaint was not filed until September 1, 2005, the Court, in its discretion, will
10 allow the late filing.

11 Nonetheless, Plaintiff's complaint fails because he failed to identify the municipal
12 "policy" or "custom" which he believed caused his injury.  See Monell v. Department of
13 Social Servs., of City of New York, 436 U.S. 658, 691-695 (1978)("a municipality cannot be
14 held liable under § 1983 solely because it employs a tortfeasor").  To subject a municipality
15 to such liability, a plaintiff must identify a municipal "policy" or "custom" that caused his
16 injury.  See id.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff failed to plead in his
17 amended complaint with specificity the "policy" or "custom" that would allow Snohomish
18 County to be held liable under §1983.  Therefore, Plaintiff's 42 U.S.C. § 1983 action, docket
19 no. 8, is DISMISSED without prejudice.

20 IT IS SO ORDERED.
21 DATED this 13th day of October, 2005.

22
23
24
        Thomas S. Zilly
        United States District Judge
25
26

ORDER  -2-